Citation Nr: 1706023 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 11-12 819 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for carpal tunnel syndrome.

2. Entitlement to an initial compensable disability rating for a left ear hearing loss disability.

3. Entitlement to service connection for gastroesophageal reflux disease (GERD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

W. R. Stephens, Associate Counsel

INTRODUCTION

The Veteran served on active duty from February 1978 to January 1983.

These matters are before the Board of Veterans' Appeals (Board) on appeal from August 2010, January 2015, and March 2015 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Newington, Connecticut.

These issues were previously remanded by the Board in July 2015 for further evidentiary and procedural development. 

The issue of entitlement to service connection for GERD was previously denied by the Board in a May 2014 decision. Subsequent to that decision, the United States Court of Appeals for Veterans Claims granted a December 2014 Joint Motion for Partial Remand (JMPR) which remanded the issue to the Board. This resulted in a January 2015 remand and the previously referenced July 2015 remand.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Subsequent to the Board's July 2015 remand, the RO issued separate September 2015 Statements of the Case (SOC) for the issues of whether new and material evidence has been received to reopen a claim of entitlement to service connection for carpal tunnel syndrome and entitlement to an initial compensable evaluation for a bilateral hearing loss disability of the left ear. The RO also issued an October 2015 Supplemental Statement of the Case (SSOC) for the matter of entitlement to service connection for GERD after completing the development directed by the July 2015 remand.

In two separate November 2015 Form 9 Substantive Appeals, the Veteran requested a videoconference hearing. The Veteran referred specifically to his hearing loss in one Form 9 and specifically to his carpal tunnel syndrome in the other Form 9. The Veteran did not reference his service connection claim for GERD. However, in both Form 9s the Veteran indicated that he wanted to appeal all of the issues listed on the SOC and any SSOC issued by the RO. In addition, the Veteran's representative submitted a January 2017 statement requesting remand for a videoconference hearing without limitation of the issues. 

A basic principle of veterans' law stipulates that the Board shall decide an appeal only after affording the claimant an opportunity for a hearing. 38 U.S.C. A. § 7104 (West 2014). Pursuant to 38 C.F.R. § 20.700 (2016), a hearing on appeal before the Board will be granted if an appellant expresses a desire to appear in person. Additionally, electronic hearings known as videoconference hearings may be scheduled when suitable facilities and equipment are available. 38 C.F.R. §20.700 (e) (2016). 

In the present appeal, the Veteran has requested a videoconference hearing, and as a result, remand is necessary in order to schedule the requested hearing. While it is unclear if the Veteran has specifically requested a videoconference hearing for his service connection claim for GERD, the Board notes that the Veteran has not been previously afforded a hearing with respect to that issue, and will resolve any doubt as to whether one was specifically requested in favor of the Veteran. As a result, remand is necessary in order to schedule the Veteran for a videoconference hearing for all issues on appeal.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing before a Veterans Law Judge. The Veteran should be provided with proper notice of the date, time and location of the hearing, and given the opportunity to appear.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. FRANCIS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).